# EXHIBIT C

<u>Order to Compel</u>

(Attached)

Case 23-01146-MAM    Doc 1-3    Filed 07/19/23



December 17, 2021



**PREPARED BY THE COURT**

| | |
|---|---|
| ROBERT FARRELL and ROBERT SZOSTAK, individually, and derivatively on behalf of PRINCETON ALTERNATIVE FUNDING, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MICROBILT FINANCIAL SERVICES CORP., MICROBILT CORPORATION, PHILIP N. BURGESS, Jr., WALTER WOJCIECHOWSKI, ALONZO J. PRIMUS, PRINCETON ALTERNATIVE FUNDING, LLC, PRINCETON ALTERNATIVE FUNDING, LLC F/K/A MICROBILT CAPITAL FUNDING, LLC, and JOHN DOES 1, 2 and 3<br><br>Defendants,<br><br>and<br><br>PRINCETON ALTERNATIVE FUNDING, LLC, a Delaware limited liability company,<br><br>Nominal Defendant. | **CONSOLIDATED MATTERS**<br><br>SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION –<br>GENERAL EQUITY<br>MERCER COUNTY<br><br>DOCKET NO. C-6-16<br><br>CIVIL ACTION |

| | |
|---|---|
| PRINCETON ALTERNATIVE FUNDING, F/K/A MICROBILT CAPITAL FUNDING, LLC,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>MICHELLE FARRELL,<br><br>    Third Party Defendant. | |
| PRINCETON ALTERNATIVE FUNDING, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT FARRELL and ROBERT SZOSTAK, individually,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br>MERCER COUNTY<br>DOCKET NO. L-675-20<br><br>CIVIL ACTION<br><br><br>**ORDER TO COMPEL PRODUCTION OF ROBERT FARRELL'S AND ROBERT SZOSTAK'S ELECTRONIC DATA SOURCES FOR A FORENSICALLY SOUND INSPECTION AND COLLECTION BY AN INDEPENDENT FORENSIC FIRM** |

THIS MATTER having been opened to the Court by upon the application of counterclaimants MicroBilt Corporation ("MicroBilt") and Princeton Alternative Funding, LLC ("PAF") (collectively, "Movants"), by and through their attorneys, Troutman Pepper Hamilton Sanders LLP, counsel for MicroBilt, and Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., counsel for PAF, for an Order compelling the inspection and collection of pro se counterclaim defendants Robert Farrell's ("Farrell") and Robert "Bert" Szostak's ("Szostak") electronic data sources by an independent forensic; and the Court having received and reviewed the moving papers and the opposition thereto; and the Court having conducted oral argument considered the argument of counsel and the parties; and for the reasons stated on the record on December 17, 2021; and for good cause shown:

IT IS ON THIS 17th day of December, 2021, hereby ordered as follows:

1. Movants' motion to compel Farrell and Szostak to allow for the inspection and collection of specified electronic data sources in a forensically sound manner by an independent forensic firm is **GRANTED** in part and **DENIED** in part.

2. Within ten (10) business days of entry of this Order, Farrell and Szostak are compelled to produce their electronic data sources for a forensically sound inspection and collection by a forensic firm. The electronic data sources subject to this Order include, but are not limited to, the following:

    a. Farrell's personal Dell computers;

    b. Szostak's personal Dell computer;

    c. Farrell's cell phone;

    d. Szostak's cell phone;

  e. Farrell's personal email accounts (RPFarrell@comcast.net, BFarrell5432@gmail.com, BFarrell99@yahoo.com, BFarrell@Princetonlenders.com, BobFarrell@leadhero4sales.com, as well as his unidentified KeyCap Business Funding LLC email address, etc.) including all sent, received, spam, deleted folders and calendar and contact information; and

  f. Szostak's personal email accounts (Bertstak@yahoo.com, Bertstak@gmail.com, Bert@presentcompanyonline.com, Ben@keycap.com, Bert@leadhero4sales.com, and Bert@crossbowcapitaladvisors.com) including all sent, received, spam, deleted folders and calendar and contact information;

3. The forensically sound collection and subsequent searching and production of relevant information and documents shall be handled in accordance with <u>Appendix A</u> attached and incorporated herein;

4. Defendants shall produce all responsive documents to the Plaintiffs within 60 days of this Order;

5. Defendants may petition the Court for an extension upon a showing of good cause;

6. Defendants shall produce a privilege log pursuant to the Rules of Court for any documents withheld;

7. The Court will address the parties' responsibility for the costs associated with the inspection at the conclusion of the case; and

8. A copy of the within Order shall be served upon Farrell and Szostak and all counsel of record within seven (7) days of receipt thereof.

<u>/s/    Timothy P. Lydon</u>
HON. TIMOTHY P. LYDON, P.J.Ch.

# APPENDIX A

1. Defendants shall select and engage a reputable forensic firm to conduct an inspection and collection of specified electronic data sources in a forensically sound manner from Defendants (collectively, the "Providing Parties").

2. Defendants shall cooperate with the forensic firm by providing access to all electronic data sources that may contain potentially relevant data, including but not limited to any and all electronic data sources referenced in the Plaintiff's Electronically Stored Information Preservation Letter dated September 30, 2021. Access to all electronic data sources will include, but is not limited to, providing log in credentials, passwords and requisite access to the data sources.

3. Plaintiff shall submit a list of proposed search terms to Defendants and both parties will meet and confer to finalize the targeted search terms to identify potentially relevant information contained on the identified electronic sources. The agreed-upon search terms will be applied to the collected electronic data by the independent forensic firm. Data that cannot be searched by the forensic collection firm during the collection process will be maintained by the collection firm. The collection forensic firm will then apply the agreed-upon search terms to the electronic data at its in-house facilities.