

ORDERED in the Southern District of Florida on August 19, 2024.

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 22-11098-BKC-MAM |
| Robert W. Szostak,<br>    Debtor(s).<br>_____/ | Chapter 11 |
| MicroBilt Corporation and Princeton Alternative Funding, LLC,<br>    Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01146-MAM |
| Robert W. Szostak,<br>    Defendant(s).<br>_____/ | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Plaintiffs MicroBilt Corporation ("MicroBilt") and Princeton Alternative Funding, LLC ("PAF", and with MicroBilt, "Plaintiffs") filed a motion (ECF No. 31) (the "Motion") seeking summary judgment on all counts of the Complaint (ECF No.

1) that commenced this Adversary Proceeding. Due to the intervening entry of an order (ECF No. 64) abating counts 1 through 8 of Plaintiffs' Complaint, this Order addresses summary judgment only as to Count 9.

## BACKGROUND

A. <u>The NJ Action</u>

The Complaint alleges that Robert W. Szostak ("<u>Szostak</u>"), the debtor in the related main bankruptcy case, filed a frivolous lawsuit (the "<u>NJ Action</u>") in the state court of New Jersey (the "<u>New Jersey Court</u>"). Plaintiffs characterize the NJ Action as a "willful, intentional, and malicious attempt" to injure them.

Plaintiffs obtained entry of an order granting legal fees in the NJ Action. *See* ECF No. 1-1 (the "<u>Fee Order</u>"). Although the form of fee order submitted to the New Jersey Court sought payment of over $24,000 in legal fees within 20 days of entry of the Fee Order, Judge Innes modified the Fee Order to reduce the amount to $5,250 and delay payment until 30 days after the conclusion of the NJ Action. *Id*. at pdf p. 4.

Plaintiffs describe the Fee Order as a "sanction" in their Adversary Proceeding Complaint, but that term is absent from the Fee Order. Plaintiffs later obtained additional relief from the New Jersey Court in the form of orders granting a motion to compel and an order granting costs for forensic searching. *See* ECF Nos. 1-3 and 1-4.

Plaintiffs filed their own counterclaims against Szostak in the NJ Action. Those counterclaims included allegations that Szostak breached confidentiality

obligations, conspired to create spreadsheets with incorrect information, induced PAF to fund obligations using false information, and made false statements to the Securities and Exchange Commission (SEC) about PAF and its operations. Plaintiffs (along with other parties to the NJ Action who are not parties to this Adversary Proceeding) claimed in the NJ Action that Szostak's actions (combined with those of other persons who are not parties to this Adversary Proceeding) resulted in substantial monetary damages to PAF. ECF No. 1-2.

The NJ Action is still pending against Szostak and his spouse, Copley Szostak.[1] Plaintiffs obtained stay relief to proceed in the NJ Action against both Robert and Copley Szostak, but this Court later issued an order abating Count 1 in the adversary proceeding initiated by Plaintiffs against Ms. Szostak. ECF No. 116 Adv. Proc. No. 23-01070. As noted above, the Court entered a similar order in this Adversary Proceeding against Robert Szostak, abating all Counts except Count 9.

B. Bankruptcy Case Schedules and Statements

Szostak filed the schedules and statements of financial affairs for his main bankruptcy case under penalty of perjury. Plaintiffs allege that these documents failed to disclose that Szostak sought and received unemployment from the State of New Jersey while living in Florida. Plaintiffs further allege that Szostak failed to disclose an ownership interest in or prior employment with a business entity known as "Lead Hero". ECF No. 1 at p. 8. Plaintiffs also complain that discovery against

---

[1] Copley Szostak is also a debtor before this Court. *See* Case No. 22-19693.

Szostak has not resulted in production of all documents that they requested. *Id*. at p. 9.

LEGAL STANDARDS

A. <u>Summary Judgment</u>

Federal Rule of Bankruptcy Procedure 7056 incorporates and makes Federal Rule of Civil Procedure 56(a) applicable to bankruptcy proceedings. These rules collectively provide that this Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).

The moving party bears the initial responsibility of informing the court of the basis for summary judgment. This burden includes providing explicit citations to record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th Cir. 2011). The Court must view all the evidence and all factual inferences in the light most favorable to the nonmoving party. *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)) (internal quotation marks omitted); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013).

B. <u>Bankruptcy Code § 727(a)(4)(A)</u>

Count 9 is an objection to Szostak's discharge based on 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4)(A) provides that the bankruptcy court must grant a debtor a

discharge unless the debtor "knowingly and fraudulently, in or in connection with the case […] made a false oath or account." The purpose of this provision is "to make certain sufficient facts are available to all persons asserting an interest in the administration of a bankruptcy estate without having to undertake investigations or examinations to ascertain whether the information is true." *Invest Atlanta Regional Center v. Smith (In re Smith)*, 578 B.R. 866, 874 (Bank. N.D. Ga. 2017). To justify denial of discharge, the false oath must be both fraudulent and material. *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991); *R&R Express v. Cawthon (In re Cawthon)*, 594 B.R. 913, 923 (N.D. Ga. 2018) (quoting same). A false oath warrants denial of discharge if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property. *Cawthon*, 594 B.R. at 923. A debtor cannot defend himself or herself by claiming that the assets in question are worthless. *Id.*

An oath is or account is knowingly false if the debtor knew that the information should have been included but, for whatever reason, was not. *Segell v. Letlow (In re Letlow)*, 385 B.R. 782, 796 (Bankr. N.D. Ga. 2007) (quoting *Am. Express Travel Related Servs. Co. v. Scott (In re Scott)*, 2004 WL 3623508, at *4 (Bankr. N.D. Ga. Oct. 1, 2004)). Materiality is met if the omission or misrepresentation meaningfully impacts the administration of the estate. *Olympic Coast Inv. v. Wright (In re Wright)*, 364 B.R. 51, 74 (Bankr. D. Mont. 2007). Fraudulent intent may be shown through evidence of actual intent or it may be inferred from circumstantial evidence, course of conduct, or a series or pattern of errors or omissions. *Cawthon*, 594 B.R. at 924.

The court may also infer fraudulent intent from the totality of the

circumstances surrounding a debtor's case. *Smith,* 578 B.R. at 874. Reckless indifference is tantamount to actual fraudulent intent if omissions and misrepresentations form part of a scheme to retain assets through nondisclosure for a debtor's benefit at the expense of creditors. *Id.*

A debtor's attention to detail in disclosure is critical because receiving a discharge in bankruptcy is a privilege, not a right. *Modi v. Virani (In re Virani)*, 574 B.R. 338, 360 (Bankr. N.D. Ga. 2017) (internal citation and quotation marks omitted). "The protection of the automatic stay and the discharge is not free, and one of the costs is the debtor's cooperation, including the accurate and full completion of the schedules and statement of financial affairs." *E. Diversified Distribs., Inc. v. Matus (In re Matus)*, 303 B.R. 660, 676 (Bankr. N.D. Ga. 2004); *Patriot Fire Protection v. Fuller (In re Fuller)*, 560 B.R 881, 890 (Bankr. N.D. Ga. 2016) (quoting same).

ANALYSIS

In support of Count 9, Plaintiffs allege that Szostak made a false oath or account "specifically with regard to his improper collection of unemployment from the state of New Jersey while residing in Florida." *Id.* at p. 18. Count 9 also alleges that Plaintiffs believe that Szostak knowingly and fraudulently intentionally failed to list assets and financial information in his schedules and statements of financial affairs, including his ownership interest in Lead Hero. *Id.*

It is common for debtors to amend their schedules and statements of financial affairs to remedy initial filing errors. The Court cannot (and does not) condone the willful omission of material assets, nor does it overlook repetitive amendments that

arrive only after another party discovers the error and brings it to light. That being said, it is entirely unclear from the record that either of those circumstances has occurred in this instance. Szostak contends that his schedules and statements are accurate, and that any contrary interpretation would arise from misunderstanding, not intentional deceit. Szostak further argues that any inconsistencies, to the extent they exist, are immaterial.

Plaintiffs' allegations in Count 9 tick the proverbial boxes of the statutory elements of § 727(a)(4)(A), but they do so in a cursory fashion with conclusory statements that contain minimal factual detail. And, at this point, the record fails to provide undisputed factual support for (i) Szostak's alleged fraudulent intent as to non-disclosure, and (ii) the materiality of any non-disclosure.

The order scheduling briefing on the Motion required the submission of a joint stipulation of material facts. That submission has not occurred. Instead, Plaintiffs have submitted 3 unilateral statements of facts.[2] The Court appreciates Plaintiffs' diligence, but must observe that the unilateral statements provided do not offer sufficient evidence of Szostak's fraudulent intent.[3] Similarly, the Court concludes the limited statements provided as excerpts from Szostak's 2004 examination and

---

[2] The Court is aware that counsel for Plaintiffs and Szostak have had difficulty achieving a professional rapport. That difficulty does not relieve either party of its obligation to comply with the terms of the Court's briefing order. *See* ECF No. 34.

[3] The Court does not typically deem statements regarding fraudulent intent admitted without possible rebuttal for all evidentiary purposes as doing so could result in an extreme (and likely prejudicial) sanction. *See* ECF No. 44 (introductory paragraph).

7

Plaintiffs' requests for admission do not provide sufficient proof of fraudulent intent and materiality. *See* ECF No. 31-2 and 31-3.

Counsel for Szostak filed a tardy response at ECF No..62 (the "Response").  The Response contends that the Szostak has provided reasonable explanations for any perceived nondisclosure and that Szostak's affirmative defenses refute any claim of fraudulent intent. The Response emphasizes that material facts remain in dispute, and points towards the status of the pending NJ Action as further evidence of that status.

Even without the benefit of Szostak's Response, the Court cannot independently discern the existence of fraudulent intent from the existing record. None of the orders, affidavits, or other documents attached as exhibits to the Complaint, the Motion, or any other filing in this case contains the level of undisputed factual detail required for this Court to issue summary judgment denying Szostak's discharge. *Compare Harris v. Jayo (In re Harris)*,  3 F.4th 1339 (11th Cir. 2021) (default judgment obtained in state court could not be given collateral estoppel effect in bankruptcy court nondischargeability action) *with Bach v. Cabot (In re Cabot)*, 64 B.R. 232, (Bankr. S.D. Fla. 2022) (extensive, highly detailed factual findings in lengthy opinion from state court supported nondischargeability determination). In this Adversary Proceeding, the Court concludes that it requires live testimony to assess the credibility of witnesses.

The Court, having reviewed the Motion, hereby **ORDERS** that summary judgment is **DENIED** for the reasons stated herein. The parties will continue to trial

in this adversary proceeding.

###

Copy furnished to:

Alexis A. Leventhal, Attorney for Movant(s)
*Attorney for Movant(s) must serve this Order upon all interested parties in compliance with all applicable rules and file a conforming certificate of service.*